

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~JOHN XXXX XXXX XXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. T. E. Knight
County Attorney
Stonewall County
Aspermont, Texas

Dear Sir:

Opinion No. 0-7380
Re: As to authority for city to
create water district within
its own boundaries under
Articles 7880-135 or 7881,
R.C.S. 1925, and related
questions.

We have considered your letter of Aug. 25, 1946, on behalf of H. H. Shadle, County Judge of Stonewall County, in which you request an opinion on the following questions, as quoted from your letter:

"1. I hand you letter to me from County Judge E. H. Shadle of this County in which he wished to know whether the City of Aspermont may, under Article 7880-135 of Revised Statutes, create water districts wholly within its boundaries for the purpose of digging wells, pools, or tanks wholly outside the city limits and piping water into the city of domestic and commerical purposes.

"2. As indicated by Judge Shadle, this Art. rather suggests that a town might only aid another district or be created in connection with outside territory as a water district, and is vague as to whether city might create water district within itself to obtain water for domestic and commercial purposes. What is your opinion as to this?

"3. I understand that the city aldermen may appoint five directors and organize the water Control and Improvement District - as provided by said Art. 7880-135, and that after this an election would have to be held to determine whether bonds might be issued and taxes levied. But, as stated, Aspermont wants to provide way for water for only domestic and commercial purposes. Would this provision be broad enough to include such?

"4. If Aspermont might create within itself a water district for the purposes mentioned, should petition for election to levy taxes and issue bonds be addressed to the Commissioners Court of the County, or might the City Council order the election on petition?

"5. Under Chapter 4, Art. 7881, it seems that Fresh Water Supply Districts may be created for purpose of transporting water for domestic and commerical purposes, and that such districts may include cities. But this article does not specifically state that cities within their own boundaries may create such district. As stated, Aspermont wants fresh water, and she wants it for domestic and commerical purposes, and she wishes to transport such water from lakes, pools, tanks, creeks or any other place she may get it outside the city. If she can create such a district wholly within her own borders, then it may be that she could organize and create such district under this Article 7881, and this would be better than creating same under 7880-135. But, it is not clear that she could do this alone. What do you think about it?

"...

"Will say that on June 19th, 1946, we asked for opinion from you relative to the City of Aspermont joining with outside territory and creating water district, and you gave us opinion No. O-7130. Later the city concluded that an election with the outside territory would not carry in favor of creating the district, and now desires to create district within its own borders. This is why we are asking for opinion as stated above."

The basic problem, as we understand your letter, is the correct statutory authority for the creation of a water district with boundaries coterminous with those of the city of Aspermont for the purpose of supplying fresh water for domestic and commerical use by the inhabitants of the city of Aspermont.

Your fifth and last question poses the above stated problem in the light of Art. 7881 (R.C.S. 1925), which reads as follows:

"Article 7881. Purposes

"There may be created within this State conservation districts to be known as Fresh Water Supply Districts for the purpose of conserving, transporting and distributing fresh water from lakes, pools, reservoirs, wells, springs, creeks, and rivers for domestic and commercial purposes, as contemplated by Section 59, Article 16 of the State Constitution. Said districts shall have and may exercise all the rights, privileges and powers given by this chapter and in accordance with its directions, limitations and provisions. Such districts may or may not include cities and towns."

It would appear that the above article specifically provides for the exact purpose for which you desire to create a Water District, namely, a Fresh Water Supply District organized to transport and distribute fresh water for domestic and commercial purposes.

Such a district, however, may not be created by a town or city, but may be created only upon the presentation to the commissioners court or county judge of the county embracing the lands in the proposed district of a petition signed by fifty or a majority of the qualified voters of such proposed district who own land therein, as provided by Art. 7882. Such petition must, among other things, set forth the boundaries of the proposed district, the general nature of the work proposed to be done, the necessity therefor, and the feasibility thereof.

As stated in the case of Bale v. Merriman (Civ. App.) 245 S.W. 1012, reversed on other grounds, 296 S.W. 1085, there is no limitation as to the boundaries of such district or suggestion that county lines or lines of any other political subdivision shall be considered in establishing such district, and it is immaterial that water to be conserved is out of the district and is to be brought into the district.

We find no objection to the creation of such a Fresh Water Supply District with boundaries coterminous with the boundaries of the city of Aspermont, provided that compliance is made with the requirements of Chapter 4, Title 128, R.C.S. 1925, as amended. (Arts. 7881-7899). It should be noted that this chapter requires an election by the resident property taxpayers who are qualified voters of such proposed district (Arts. 7888-7893) before such

district can be organized.

Referring now to your first four questions, you ask in question number <u>one</u> whether the city of Aspermont may, under Art. 7880-135, R. C. S. 1925, create within its own boundaries a water district for the hitherto stated purposes. Such article reads in part as follows:

"Any town, city or municipal corporation may have the benefit and powers herein provided under the constitution of this State and may aid any district in the construction and operation of any such improvements to the extent that same may be an advantage to such municipal corporation in the following manner:

"A. The area included in any town, city or municipal corporation be organized into and constituted a water control and improvement district with all the powers, authority and privileges provided by Section 59 of Article 16 of the Constitution and be governed by this Act, by an ordinance duly enacted by the board of aldermen, commissioners, orgoverning body thereof, constituting same a water control and improvement district and appointing five directors therefor. The bonds of such directors shall be filed with and approved by said governing board of such municipality, and upon the qualifications of said directors said district is completely organized without the necessity of holding an election therefor. Said district shall from and after its organization be governed by the provisions of this Act and any amendments hereafter enacted."

The above quoted article by its terms provides for the creation <u>by ordinance of the governing body of a town or city</u> of a Water Control and Improvement District to include only the area of such town or city, without the necessity for an election to confirm the creation or organization of such district. Such district is given all the powers provided by Section 59 of Article 16 of the Texas Constitution, which necessarily includes the purpose act forth in your letter, together with many other purposes, as enumerated in Article 7880-3, 7880-3a, and 7880-7. It will be noted that after organization of such a district pursuant to a duly enacted ordinance of the town or city in question, said ordinance appointing five directors for such district to serve until the next general election in such district, there must be held a general election on

the second Tuesday in January next after the said district is formed, at which time the five directors for the district shall be elected. (Art. 7880-37)

After organization, a district created under Art. 7880-135 is subject to all the provisions of Chapter 3A, Title 128, R.C.S. 1925, as amended, where applicable. (Arts. 7880-1 to 7880-147z, inclusive)

Your <u>first</u> question is therefore answered in the affirmative.

Your <u>second</u> question is, in general, answered by the above statements in our answer to your first question. It may be added that a district created under Art. 7880-135, after organization is a separate political entity from the town or city by whose ordinance such district was created, even though the boundaries of such district are coterminous with the boundaries of such town or city. By the terms of said article, the town or city in question may aid such district "in the construction and operation of any such improvements to the extent that same may be an advantage to such municipal corporation" in the manner set out by the statute, but after creation of the district the governing body of the town or city in question has no control over the district, which has a governing body of its own and its powers, authority and privileges are referable to a different title of the Revised Civil Statutes than are those of towns and cities.

The statement included in your third question to the effect that an election in the district would be necessary before bonds may be issued and taxes levied in support thereof is correct. As stated in our above answer to your first question, districts organized under Art. 7880-135 are given sufficiently broad authority to carry out the purpose of transporting and distributing fresh water for domestic and commercial use within such district; therefore, your <u>third</u> question is answered in the affirmative.

Your fourth question is answered by reference to Articles 7880-9, -31, -32, -78, -80, and -81. No petition is required for an election in water districts to issue bonds and levy taxes in payment therefor. Such elections are ordered by the directors of such district on the basis of surveys and investigations conducted on the order of such directors, and bonds may be issued only after the approval of the State Board of Water Engineers is secured,

as required by Art. 7880-139. It will be noted, as stated above, that after the creation of a water control and improvement district under the provisions of Art. 7880-135, such district becomes a separate political entity and is not subject to the control of the governing body either of the city or of the county within whose boundaries such district may be located.

Trusting that we have satisfactorily answered your questions, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Wm. Blanton, Jr.

By

Wm. Blanton, Jr.
Assistant

WB:AMM/og

Approved Nov. 8, 1946

s/ Harris Toler

First Assitant
Attorney General

This opinion considered and approved in limited conference.